# J. P. LAMONTE

## v.

# THE TOWN OF MONTEBELLO.

*Damages for Killing Sheep—Finding of Justice under Sec. 30, Ch. 8, R. S., not a Judgment—Attempted Appeal—Bond, Void—Estoppel.*

1. The finding of a Justice of the Peace in a proceeding under Sec. 30, Ch. 8, R. S., for proof of damages for sheep killed or injured, is in no sense a judgment, and no appeal lies therefrom.

2. A bond given by a Supervisor upon an attempted appeal from such a finding is absolutely void, and it will not sustain an action.

3. The obligors in such a bond are not estopped from denying the recitals therein contained.

[Opinion filed August 26, 1886.]

In error to the Circuit Court of Hancock County; the Hon. C. J. Scofield, Judge, presiding.

Messrs. Manier & Miller and Mason & Halbrower, for plaintiff in error.

Messrs. Hooker & Edmunds, for defendant in error.

Conger, J.   This is an action of debt, brought upon an instrument purporting to be given by the town to the plaintiff in error as an appeal bond, reciting, in effect, that Lamonte, on January 24, 1884, before George D. Gates, a Justice of the Peace, recovered a judgment against the town for $166 and costs, from which judgment the town had taken an appeal to the Circuit Court, with the usual conditions of an appeal bond.

The facts necessary to an understanding of the case are briefly as follows: In January, 1884, Lamonte appeared before said Gates, a Justice of the Peace of said Town of Montebello, and claimed damages, under Sec. 30, Chap. 8, Revised Statutes, because of his sheep having been killed and injured by dogs.

The justice entered upon his docket the following finding: "After hearing and weighing the evidence it is the judgment of the court that the damage that J. P. Lamonte has sustained by the killing and injuring said sheep is $166, and that J. P. Lamonte should have and recover from the dog tax fund in Montebello Township the sum of $166, together with the costs of proceedings herein, taxed at $2.50."

H. C. Hanson, Supervisor of the town, in attempting to take an appeal from this finding of the justice, filed with the Clerk of the Circuit Court, for the purpose of perfecting such appeal, the bond sued upon in this case.   At the March term, 1884, of the Circuit Court, the court, on motion of Lamonte, dismissed the appeal, which decision of the Circuit Court was afterward, upon appeal to this court, affirmed.

Various pleas were filed and proceedings had upon this action of debt, resulting in a judgment against Lamonte for costs, which judgment he brings into this court, by writ of error, for review.

A number of points are raised and discussed with great ability in the briefs filed, but in the view we take it will not be necessary to notice all of them.

There was no judgment to appeal from and hence there could be no appeal.

The finding of the justice was in no sense a judgment against the town; it was a mere adjustment of a claim against the dog tax fund, in the manner provided by the statute, to guide the Supervisor in paying such fund out to those entitled to it.

It follows, we think, as a self-evident proposition, that any attempt on the part of the Supervisor, whether acting upon his own responsibility or by authority of the voters at a town meeting, to give an appeal bond in a case where no appeal is allowed by law, is absolutely void, having no original vitality and incapable of ratification.

"Where bonds have been issued without power or authority of law authorizing their issue, they are absolutely void." Barnes v. Town of Lacon, 84 Ill. 464; Town of Pana v. Lippencott, 2 Ill. App. 476; Lippencott v. Town of Pana, 92 Ill. 24.

Numerous authorities are cited in support of the proposition urged by appellant, that the obligors in an appeal bond are estopped from denying any of the facts recited in the bond or deducible therefrom.

This doctrine, we think, had no application to this case, for it is the established rule of law in this State as to municipal negotiable bonds, even in the hands of innocent holders for value, that where there is an absence of power to issue them, they are absolutely void, and recitals contained in them will not estop the municipality from setting up such want of power.

If such be the doctrine as to negotiable paper in the hands of innocent holders for value, the reasons for applying it to the case at bar are much stronger and more satisfactory.

Here appellant is the original obligee in the instrument,

having paid nothing for it, nor has the execution of such bond been the necessary cause of the loss of his claim against the fund in question. Had he pursued the remedy provided for him by Sec. 30, we can not see how the execution of the bond, or the pretended appeal, would in any way have interfered with the prosecution of his claim.

We are of opinion there could be no recovery upon the bond in question, against the town, and the judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*